**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ESTATE OF MATTHEW BLANKMAN
by Jaclyn Chelstowski, Special Administrator,

        Plaintiff,                           Case No.:

      v.

WAUKESHA COUNTY, ERIC SEVERSON,
PATRICK MAYLEN, CURTIS GOZDZIEWSKI,
JAMES BRIESEMEISTER, JOHN DOES 1-10
and ABC INSURANCE COMPANY,

        Defendants.

---

## COMPLAINT

---

    **NOW COMES** the above-named Plaintiff, The Estate of Matthew Blankman ("Estate"), by Jaclyn Chelstowski, its Special Administrator, by and through its attorneys, Cade Law Group LLC, and as for the Estate's claims for relief against the above-named Defendants, respectfully allege for their Complaint and show the Court as follows:

### INTRODUCTION

    1.    This is a civil rights and wrongful death action arising out of the fatal shooting of Matthew Blankman by Waukesha County sheriff's deputies on March 14, 2024, in the Town of Eagle, Wisconsin. Blankman was shot four times, all to his posterior, and was pronounced dead at the scene. Prior to the shooting, Blankman was experiencing a mental health crisis inside his home. His fiancé contacted 911 seeking assistance in obtaining mental health intervention and transport for Blankman. Despite being dispatched to a mental health welfare check involving an emotionally distressed individual in need of intervention, Defendants failed to reasonably de-escalate the

situation and instead used excessive and unconstitutional deadly force against Matthew Blankman.

2. At all times material hereto, Blankman was entitled to Constitutional Rights, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and to be treated in a manner that was not cruel and unusual punishment, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Wisconsin law to recover damages for violations of Matthew Blankman's constitutional rights and for the injuries and losses suffered by his estate and surviving beneficiaries.

4. The Estate served a Notice of Injury on July 12, 2024.

5. The Estate served a Notice of Claim with the Clerk for Defendant Waukesha County on January 7, 2026.

6. More than 120 days have passed since the Notice of Claim was served on Waukesha County.

## JURISDICTION AND VENUE

7. The Eastern District of Wisconsin has jurisdiction over these claims pursuant to 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. §1343(a)(3) because this action seeks to redress the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution.

8. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1367. This Court has supplemental jurisdiction over any other Wisconsin state law claims Plaintiff may make because they form part of the same case or controversy.

2

9. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because the violations complained of under 42 U.S.C. § 1983 occurred in the Eastern District of Wisconsin. In addition, Defendants are located in the Eastern District of Wisconsin.

## THE PARTIES

10. Plaintiff, the special administrator for the Estate of Matthew Blankman (the "Estate"), represents the decedent, Matthew Blankman ("Blankman"), who was shot and killed on March 14, 2024, by Deputy Patrick Maylen of the Waukesha County Sheriff's Department.

11. Jaclyn Chelstowski ("Chelstowski") is an adult citizen of the United States and a resident of Waukesha County, in the State of Wisconsin, and is Matthew Blankman's fiancé and the mother of their minor child, M.B. (DOB: 11/2021). Ms. Chelstowski is the appointed Special Administrator to Mr. Blankman's estate.

12. Defendant Waukesha County, with its executive offices located at 515 West Moreland Boulevard, Waukesha, WI 53188, is and was at all material times hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Waukesha County established, operated, and maintained the Waukesha County Sheriff's Office ("WCSO") at all times material hereto. Waukesha County is ultimately responsible for the training, supervising, and discipline of WCSO employees and the creation and implementation of its policies and procedures.

13. Defendant Eric J. Severson ("Severson"), was the Sheriff of Waukesha County during all the dates relevant to this complaint and was in charge of the Waukesha Sheriff's Department located at 515 W. Moreland Blvd, Waukesha, WI 53188 in the

County of Waukesha, State of Wisconsin. Upon information and belief, Severson is an adult citizen of the State of Wisconsin residing in Waukesha County, within the Eastern District of Wisconsin. Severson is named both in his individual and official capacities. In Severson's official capacity, he was responsible for the policies and procedures of the Waukesha Sheriff's Department. At all times relevant to this Complaint, Severson was acting within the course and scope of his employment and under color of state law pursuant to his authority as an official, agent, contractor, or employee of Waukesha County.

14. Defendant Patrick Maylen ("Maylen") was a deputy during all the dates relevant to this Complaint for the Waukesha County Sheriff's Department. Upon information and belief, Maylen is an adult citizen of the State of Wisconsin. Maylen is named both in his individual and official capacities. At all times relevant to this Complaint, Maylen was acting within the course and scope of his employment and under color of state law pursuant to his authority as an official, agent, contractor, or employee of Waukesha County.

15. Defendant Curtis Gozdziewski was a deputy during all the dates relevant to this Complaint for the Waukesha County Sheriff's Department. Upon information and belief, Gozdziewski is an adult citizen of the State of Wisconsin. Gozdziewski is named both in his individual and official capacities. At all times relevant to this Complaint, Gozdziewski was acting within the course and scope of his employment and under color of state law pursuant to his authority as an official, agent, contractor, or employee of Waukesha County.

16. Defendant James Briesemeister was a deputy during all the dates relevant to this Complaint for the Waukesha County Sheriff's Department. Upon information and

4

belief, Briesemeister is an adult citizen of the State of Wisconsin. Briesemeister is named both in his individual and official capacities. At all times relevant to this Complaint, Briesemeister was acting within the course and scope of his employment and under color of state law pursuant to his authority as an official, agent, contractor, or employee of Waukesha County.

17. John Does 1-10 are individual law enforcement officers and employees of Waukesha County who enabled, supported and/or effectuated Blankman's causes of action. Their identities are currently unknown to Blankman but are known to Defendant Waukesha County. John Does 1-10 are named both in their individual and official capacities. At all times relevant to this Complaint, John Does 1-10 were acting within the course and scope of their employment and under color of state law pursuant to their authority as officials, agents, contractors, or employees of Waukesha County. When their identities are determined, this Complaint will be amended to name each individual officer to the extent that they violated the rights contemplated or identified in this suit.

18. Defendant ABC Insurance Company, upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, prior to and including all relevant times herein, ABC issued a policy of liability insurance to Waukesha County and all its employees and/or agents thereof. By the terms of said policy, ABC agreed to pay any and all sums for which Waukesha County and/or its agents and employees might be held legally liable for injuries or damages caused by Waukesha County and/or its employees and agents. Upon information and belief, said ABC insurance policy was in full force and

5

effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, ABC Insurance Company is a proper party to this action.

**STATEMENT OF FACTS**

19. On March 14, 2024, Matthew Blankman was shot and killed at his home in the Town of Eagle while experiencing a mental health crisis.

20. Prior to the shooting, Blankman's fiancé, Jaclyn Chelstowski, a psychiatric nurse, called 911 seeking mental health assistance for Blankman, who was experiencing a psychotic episode.

21. At 12:25 p.m., Chelstowski informed dispatch that she was a psychiatric nurse and that Blankman was emotionally distressed, under the influence of alcohol, and on possession of a firearm. Chelstowski further advised Blankman had been firing rounds into the backyard toward the lake and that both his father and brother had just died within a short time of each other, likely triggering the mental health episode, but that he had not threatened any person and he was not pointing the weapon at any person.

22. Chelstowski asked officers to de-escalate the situation. Specifically, Chelstowski requested responding officers refrain from using emergency lights or sirens so as to not further agitate Blankman, that they inform Blankman she had contacted law enforcement because she was concerned about him, and that officers tell Blankman he was a good father and needed to get better for their daughter.

23. Chelstowski reiterated to dispatch that Blankman had not threatened anyone and would not harm officers, but that he was paranoid and easily startled. Chelstowski stated she was worried for Blankman and did not want officers to shoot him.

6

24. Several law enforcement officers arrived on scene, including Waukesha County Deputies Patrick Maylen, Curtis Gozdziewski and James Briesemeister, Town of Eagle Police Officer Franscisco Emanuele, and Mukwonago Police Officer Bradley DeGrow.

25. Town of Eagle Police Officer Franscisco Emanuele was equipped with a body worn camera (BWC). His BWC does not show the shooting of Blankman, although the audio demonstrates that the deputies shot Blankman at the same time they uttered a warning to him.

26. None of the Waukesha deputies were equipped with BWC, despite the Sheriff Severson's knowledge of the practical use of such cameras.

27. For years, Severson claimed that Waukesha County had failed to provide him with BWCs for his deputies.

28. In March of 2026, the Waukesha County Executive, Paul Farrow, admitted that the Sherif had never requested BWCs from Waukesha County. *See* *https://www.tmj4.com/news/local-news/in-your-community/waukesha-county/waukesha-county-sheriffs-office-pushes-for-body-cameras-following-a-fatal-deputy-involved-shooting*.

29. Deputies Maylen, Gozdziewski, and Briesemeister approached Blankman's location from a neighboring yard in a stacked formation with Maylen in front, Gozdziewski behind him, and Briesemeister in the back.

30. Maylen saw Blankman exit the garage and walk toward the lake with his hands at his sides and his back to the deputies. Blankman had a black object in each hand but Maylen was unable to identify the items.

31.     Despite being unable to identify the items in Blankman's hands, Maylen allegedly shouted repeated commands to the effect of "drop the gun." Briesemeister allegedly shouted similar commands.

32.     Gozdziewski began repositioning himself back toward Maylen. Before he was able to get back into position behind Maylen, Maylen, without exhausting reasonable alternatives to lethal force, shot Blankman.

33.     Blankman did not make any overtly aggressive movements toward deputies as they advanced toward him; he only turned his body slightly to the right and looked down the driveway after he had been shot three times. At that point, Maylen claimed to have identified the object in Blankman's hand as a firearm.

34.     At no point did Maylen, Gozdziewski, or Briesemeister attempt to deescalate the situation, establish cover, or employ non-lethal alternatives, despite the presence of multiple officers and only a single individual involved.

35.     At no time did Maylen or the other officers identify themselves before firing their automatic rifles and shouting commands at Blankman.

36.     Blankman suffered four gunshot wounds, including a fatal gunshot wound to the left side of his head. According to the autopsy report, the "direction of the wound track is left to right and slightly forward when the body is in the anatomic position." The other three gunshot wounds struck the back of Blankman's left hand, the back of Blankman's left thigh, and the middle of his left forearm.

37.     According to the autopsy report:

Gunshot wound #2 is a gunshot wound of entrance to the back of the hand on the left. It consists of a 1.5 cm transverse x 1 cm wound over the 4th metacarpal distally. There is a rounded edge to the wound with a 0.1 cm marginal abrasion distally. The slug passes through the skin, subcutaneous, and muscular tissue of the hand, fracturing the articular surface of the 4th metacarpal distally, passing under tendons to the back of the hand, exiting the hand through a 1.2 x 0.5 cm defect. There is infiltrating hemorrhage along the wound track. The direction of the wound track is distal to proximal and leftward when the body is in the anatomic position.

Gunshot wound #3 consists of a gunshot wound to the lateral distal left thigh. It consists of an 11 cm vertical x 5.2 cm torn entry wound with an inferior rounded edge with a 0.5 cm marginal abrasion. The slug passes through the skin and subcutaneous tissue of the anterolateral left thigh, through the superficial part of the quadriceps laterally, exiting the left thigh anteriorly through a 2 cm vertical x 1.5 cm rounded defect more anteriorly located to the mid left thigh. The slug enters at 22 3/4 inches above the heel and exits at 29 1/4 inches above the heel. There is extensive bruising between the entrance and exit wounds and medially. There is infiltrating hemorrhage along the wound track which is incised. No slug is recovered. The direction of the slug is upward and rightward when the body is in the anatomic position.

Gunshot wound #4 is an irregular open wound to the anterior mid to distal left forearm 20 ½ inches below the top of the shoulder. It measures 7 cm vertically and 5 cm laterally. Upon reconstruction, do discrete separate entrance and exit are identified skin tears point centrally. Focal 0.9 cm defect with hemorrhage is seen on the surface of the brachioradialis muscle. It does not penetrate the muscle entirely. No slug or slug fragments are recovered. The direction of travel cannot be determined. No marginal abrasion is identified.

9

Name    Matthew Blankman                    Case No.    24-0662



Name _____Matthew Blankman_____     Case No. _24-0662_

RIGHT                    LEFT

38.     There was only 1.6 seconds between the first and last gunshots, and the shots occurred immediately after the words "drop the gun" were uttered.

39.     An aerial drone camera view shows the angle that the deputies uses to shoot Blankman:







**CLAMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**Use of Deadly and Excessive Force – 42 U.S.C. § 1983**
**(Against Maylen)**

40. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

41. At all relevant times, Defendants were acting under color of state law.

42. The Fourth Amendment to the United States Constitution protects individuals from unreasonable seizures and the use of excessive force by law enforcement officers.

43. Maylen used objectively unreasonable and excessive deadly force against Blankman when he shot him at least four times.

44. At the time deadly force was used, Blankman had not threatened any person, and Defendants were aware they had been dispatched to assist with a mental health crisis. Further, Maylen was not under threat of immediate bodily harm and objectively did not have the right to use deadly force.

45. In addition, the autopsy confirms that three shots were fired into Blankman while he was facing away from Maylen. In essence, Blankman's back was to Maylen.

46. Maylen failed to appropriately de-escalate the situation by shouting commands and expecting Blankman to understand who was entering his property, despite knowing Blankman was emotionally distressed and experiencing a mental health episode.

47. Maylen's use of force was unreasonable under the totality of the circumstances and violated Blankman's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate cause of Defendants' conduct, Blankman suffered conscious pain and suffering, severe emotional distress, and death.

49. Plaintiff suffered damages including funeral and burial expenses, loss of life, and other compensable damages under federal and Wisconsin law in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Failure to Intervene – 42 U.S.C. § 1983**
**(Against Gozdziewski and Briesemeister)**

50. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

51. Defendants Gozdziewski and Briesemeister, as previously alleged, had the opportunity, duty and ability to intervene and object to any plan to shoot Blankman. However, these defendants, in consultation with Maylen, had not adequately discussed each other's roles in how to handle Blankman, and did not have an adequate plan or discuss steps each would take to effectuate an arrest and/or seizure once defendants were in position to do so and observe Blankman.

52. Gozdziewski and/or Briesemeister should have intervened and called Maylen off of the improper plan to approach and engage Blankman.

53. Gozdziewski and/or Briesemeister also failed to stop Maylen from going forward with the plan to engage Blankman as they had not had adequate time to make such a plan and identify each deputy's role.

54. Defendants improper and haphazard planning was not justified under the totality of the circumstances.

55. The Estate suffered damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**Wrongful Death – Wis. Stats. §§ 895.03 and 895.04**
**(Against Waukesha County, Maylen, Gozdziewski, Briesemeister and Severson)**

56. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

57. As a direct and proximate cause of Defendants' negligent, reckless, intentional, and unconstitutional acts and omissions, Blankman sustained fatal injuries and died on March 14, 2024.

58. At all relevant times, Maylen, Gozdziewski, Briesemeister owed Blankman a duty to act reasonably, to use only lawful and constitutional permissible force, and to reasonably respond to an individual experiencing a mental health crisis, and to observe

and respect Blankman's constitutional rights to be free from excessive use of force and death.

59. Maylen, Gozdziewski, Briesemeister breached his duty of care by, among other things, failing to de-escalate the encounter and by using excessive and unreasonable deadly force against Blankman, and this breach was a substantial factor in Blankman's damages.

60. Had Maylen, Gozdziewski, Briesemeister properly observed and not deprived Blankman of his constitutional rights, Blankman would not have been killed nor injured and suffered conscious pain and suffering.

61. Severson and Waukesha County also owed Blankman a duty to exercise reasonable care in instructing, supervising, and training Maylen to protect Blankman's constitutional rights to be free from excessive use of force and death.

62. Severson and Waukesha County breached his duty of care by, among other things, failing to adequately train, supervise, monitor, and disciple deputies regarding constitutional policing, de-escalation techniques, crisis intervention, and appropriate responses to individuals experiencing mental health crises.

63. Upon information and belief, the failures in training, supervision, and discipline were a substantial factor in causing the unconstitutional use of deadly force against Blankman and the resulting injuries and death.

64. As a direct and proximate result of Defendants' conduct, Blankman suffered injuries, great conscious pain and suffering and ultimately death, and Plaintiff sustained damages recoverable under Wis. Stat. § 895.04, including funeral and burial expenses,

loss of society and companionship, pecuniary losses, and other damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Negligent Hiring, Training, and Supervision**
**(Defendants Waukesha County, Severson, and John Does 1-10)**

65.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

66.    Defendants hired Maylen, Gozdziewski and Briesemeister, and at all materials times, Maylen, Gozdziewski and Briesemeister were employees of Waukesha County hired to perform duties pursuant to the Waukesha County Sheriff's Department.

67.    Defendants owed Plaintiff a duty to properly hire, train, supervise, monitor, and discipline its deputies, including Maylen, Gozdziewski and Briesemeister, regarding constitutional policing, use of force, crisis intervention, and interactions with individuals experiencing mental health crises.

68.    Defendants failed to adequately train deputies, including Maylen, Gozdziewski and Briesemeister, in de-escalation techniques and appropriate response to individuals suffering mental health crises that contributed to the constitutional violations alleged herein.

69.    Defendants knew, or reasonably should have known, that its deputies, including Maylen, Gozdziewski and Briesemeister, were ill-equipped to properly de-escalate an individual suffering a mental health crisis.

70.    Defendants breached their duty of care to Plaintiff.

71.    Defendants' failures were a moving force behind the constitutional violations and damages suffered by Plaintiff.

72.     But for the failure of Defendants to properly hire, train, and supervise its deputies, including Maylen, Gozdziewski and Briesemeister, Blankman would not have suffered injury, great conscious pain and suffering, emotional distress, and death.

73.     As a direct and proximal result of Defendants' conduct, Plaintiff suffered injuries and damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Direct Action Statute – Wis. Stat. § 632.24
### (Against Defendant Insurance Company ABC)

74.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

75.     At all material times and upon information and belief, all non-insurance defendants had in full force and effect one or more policies of insurance that provided coverage to each of them, insuring them against liability for their negligence and the negligence of their agents and employees, and agreeing to pay any and all amounts that Defendants and their agents and employees may become legally obliged to pay for the aforementioned damages.

76.     Pursuant to Wis. Stat. §803.04, Defendant ABC is a proper party to this action. Pursuant to Wisconsin's Direct-Action Statute, Wis. Stat. §632.24, Plaintiff is allowed to maintain this lawsuit directly against ABC Insurance Company.

### RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

18

a. Against Maylen, Gozdziewski and Briesemeister, each in their individual capacities, for compensatory damages, for the violation of Blankman's rights, as set forth above, in an amount to be determined at a trial of this matter;

b. Against Waukesha County and Severson, in his official and individual capacities, for compensatory damages for the violation of Blankman's rights, as set forth above, in an amount to be determined at a trial;

c. Against Defendants for punitive damages for the violation of Blankman's rights, as set forth above, in an amount to be determined at a trial;

d. Against Waukesha County for compensatory damages and for its liability pursuant to Wis. Stat. § 895.46 to indemnify the individual Defendants in an amount to be determined at trial;

e. For all costs, disbursements, and actual attorneys' fees pursuant to 42 U.S.C.A. §1988, and for such other relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL OF THIS MATTER
ON ALL ISSUES SO TRIABLE.**

Dated this 27th day of June, 2026.

**CADE LAW GROUP LLC**
Attorneys for Plaintiff

By: *Electronically signed by Nathaniel Cade, Jr.*
Nathaniel Cade, Jr. SBN 1028115
Annalisa Pusick, SBN: 1116379
PO Box 170887
Milwaukee, WI 53217
P: (414) 255-3802
F: (414) 255-3804
E: nate@cade-law.com
   annalisa@cade-law.com

19